PER CURIAM.
The right to a jury trial is dependent upon the good faith amount in dispute. La.C.C.P. art. 4. The good faith amount in dispute is the total of the damages sought by plaintiff, not the amount allegedly owed by one of several alleged tortfeasors. It is clear that plaintiffs demand in damages, as a result of the incident complained of in his petition, against all parties allegedly responsible exceeds the sum of $10,000.00. When Relator secured the order for a jury trial in this case on November 20, 1986, plaintiffs demand against all parties allegedly responsible were combined in this one suit and clearly exceeded the jurisdictional amount for a trial by jury. La.C.C.P. art. 1732. By procedural maneuverings engaged in by plaintiff subsequent to this order for a jury trial, plaintiff has attempted to isolate his demand against State Farm Mutual Automobile Insurance Company (State Farm) from his demands against others allegedly responsible so as to deprive State Farm and the other defendants of a jury trial in this matter on the ground that the demand against each does not exceed $10,000.00. Our law does not countenance procedural maneuvers designed solely for the purpose of depriving a litigant of the right to a jury trial on the basis of jurisdictional amount. Therefore, for these reasons and considering the particular circumstances of this case, we conclude that the trial court erred when it rescinded its order of November 20, 1986 granting a jury trial in this matter. Ac *854 cordingly, it will be ordered that the trial court’s order dated November 20, 1986 granting a jury trial in this matter upon Relator furnishing bond in the amount of $2,500.00 is reinstated.
WRIT GRANTED: The order of the trial court dated November 20, 1986 granting State Farm Mutual Automobile Insurance Company a trial by jury on all issues upon its posting bond in the amount of $2,500.00 is reinstated. See Per Curiam.
DOMENGEAUX, J., concurs in the result.