520 So.2d 1131 (1987)
Tom CUNY, Plaintiff-Respondent,
v.
Julie A. GUIDRY, Defendant-Relator.
No. W87-764.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Jeansonne & Briney, Patrick J. Briney, Lafayette, for defendant-relator.
William H. Lambert, Lafayette, for plaintiff-respondent.
Before FORET, YELVERTON and KNOLL, JJ.
FORET, Judge.
We granted certiorari to consider whether or not a plaintiff, in a matter otherwise triable by jury, can defeat defendant's right to a trial by jury where the plaintiff filed a suit for an amount in excess of the jurisdictional requirement for the right to a jury trial, and where the defendant has timely requested and been granted a jury trial, by amending his petition to demand an amount less than the jurisdictional amount for jury trials.
This case arises out of an alleged assault and battery. Plaintiff, Tom Cuny, is a police officer who arrested Mrs. Julie A. Guidry, the defendant, for allegedly driving *1132 while intoxicated. Plaintiff's petition states that in the course of the arrest, transportation, and testing of the defendant, defendant assaulted and battered the plaintiff. Plaintiff sued for $50,000, which included past, present, and future medical expenses; loss of income through forced use of sick leave, etc.; and general damages for personal injuries, including pain and suffering, etc.
Defendant's original attorney answered the petition without pleading any affirmative defense or a jury trial request. A change of counsel ensued at some point within one month, and the defendant's new attorney filed an amended answer, which was allowed by the trial court. This answer contained a request for a jury trial.[1] Plaintiff then filed a "First Amending Petition" wherein he reduced the total amount prayed for to $9,500, an amount less than the jurisdictional amount for jury trials at the time.[2] Plaintiff then requested that the order for a jury trial be stricken and, after a hearing on the issue of defendant's entitlement to a jury trial, the trial court found that defendant was not so entitled, as the amount in dispute did not exceed $10,000. From this judgment, relator, Julie A. Guidry, sought supervisory relief. As stated above, we granted certiorari to consider whether or not a plaintiff, in a matter otherwise triable by jury, can defeat defendant's right to a trial by jury where the plaintiff filed a suit for an amount in excess of the jurisdictional requirement for the right to a jury trial, and where the defendant has timely requested and been granted a jury trial, by amending his petition to demand an amount less than the jurisdictional amount for jury trial.
There is much jurisprudence to the effect that litigants have a right to trial by jury, and that such right is a basic right, which should be zealously protected; that a litigant's right to a jury trial is fundamental in character, and every presumption against the waiver, loss, or forfeiture thereof will be indulged in by the courts; right to trial by jury in a civil case is a basic right and should be protected in absence of specific authority for its denial; and that the right exists in civil cases except as limited by the Code of Civil Procedure. See Dardar v. Texoma Contractors, Inc., 446 So.2d 890 (La.App. 1 Cir.1984); Triche v. City of Houma, 342 So.2d 1155 (La.App. 1 Cir.1977); Duplantis v. United States Fidelity & Guaranty Ins. Corp., 342 So.2d 1142 (La.App. 1 Cir.1977); Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974); Jobe v. Hodge, 253 La. 483, 218 So.2d 566 (La. 1969).
Statutory provisions on trial by jury are found in C.C.P. arts. 1731, et seq. Art. 1731 states that, except as limited by Art. 1732, the right to trial by jury is recognized, and the nature and amount of the principal demand shall determine whether any issue in principal or incidental demand is triable by jury. Art. 1732 lists those matters in which a jury trial shall not be available. As a general rule, 1732(1) provides that a jury trial shall not be available if the amount in dispute does not exceed $20,000, exclusive of interest and costs [$10,000 was the jurisdictional amount at the time that this suit was filed and at pertinent times thereafter.]. In the Official Comments to Art. 1732, the redactors state that the phrase "amount in dispute" used in 1732(1) is used to emphasize that it is the amount demanded in good faith by the plaintiff which shall determine whether there is a right to trial by jury and not simply the amount of plaintiff's demand. Reference is made to Arts. 4 and 4841 of the Code of Civil Procedure. This seems clear enough. However, recently this Court has received applications for writs of certiorari complaining of certain procedural maneuverings by litigants, and particularly plaintiffs, *1133 to deprive the defendant of his right to trial by jury. In Guillory v. State Farm Mutual Automobile Insurance Co., 509 So.2d 853 (La.App. 3 Cir.1987), we stated via per curiam opinion:
"The right to a jury trial is dependent upon the good faith amount in dispute. La.C.C.P. art. 4 ... Our law does not countenance procedural maneuvers designed solely for the purpose of depriving a litigant of the right to a jury trial on the basis of jurisdictional amount."
Since both C.C.P. art. 4 and the Official Comments to Art. 1732 refer to the "good faith" amount in dispute, some thought must be given to what the courts of this State should consider in determining whether the amount in dispute is a good faith amount or not. In Rico v. Vangundy, 461 So.2d 458 (La.App. 5 Cir.1984), the court was faced with that very problem. In Rico, plaintiff, after a jury trial had been ordered, reduced his demand to below the jurisdictional amount. This occurred on the day of trial, and the trial court ordered the jury stricken. The court of appeal affirmed.
Rico, after discussing the good faith amount in dispute rather than the amount demanded as determinative of the right to a jury trial, stated that:
"Thus, the right may rise or fall depending upon the good faith actions of plaintiff in making his demand whether it remains constant or changes upward or downward due to factors subsequently discovered. An original action for damages below the minimum might later be amended to a higher amount so as to cause the right to a jury trial to vest. A later amendment to reduce should not be treated differently." (Emphasis provided.)
We do not agree with Rico and will not follow it. It is difficult for us to visualize the "good faith" of a plaintiff amending his petition to an amount just below the jurisdictional amount for jury trial. On the other hand, we see no difficulty in permitting a plaintiff to amend his petition to increase upward so as to meet the jurisdictional amount for a jury trial. It is quite apparent to us in the case at bar that the plaintiff amended his demand downward for the sole purpose of defeating defendant's right to a jury trial. As we stated in Guillory v. State Farm, supra, our law does not countenance procedural maneuvers designed solely for the purpose of depriving a litigant of the right to a trial by jury on the basis of jurisdictional amount. The plaintiff can simply proceed to trial and if the jury returns a verdict for less than that demanded, then so be it; plaintiff has not been prejudiced in any way. In a case such as Rico and in the case sub judice, we do not believe that plaintiff should be afforded the gratuity of terming his actions as being in good faith.
Our views above are given support by federal court decisions involving removal jurisdiction cases. There, it is well established that "... once a case has been properly removed, subsequent events that reduce the amount recoverable such as plaintiff's amendment of the complaint, will not defeat jurisdiction." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, Sec. 3725. "A reduction in the amount claimed after the suit has actually been removed will not defeat jurisdiction." Wright, Handbook of the Law of Federal Courts, Sec. 31. Both of these cited authorities refer to the leading case of St. Paul Mercury Indemnity Company v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), which stated:
"Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove.
* * * * * *
"And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."
In accord: Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132 (U.S. 3rd Cir. *1134 1976); C. Wright, Federal Courts, Sec. 38, at 134 (2d ed. 1970)
We are well aware of the liberality of our jurisprudence permitting parties to amend pleadings. We adhere to and believe that parties should be allowed to amend pleadings for a good cause shown. However, we do not believe that a party can amend his pleadings, as the plaintiff did in the case sub judice, to defeat a basic right of the other party, in this case, the right to a trial by jury which had been requested and properly ordered. This is particularly true in the case of this plaintiff who, in theory, will not be prejudiced by going to trial before a jury instead of before a judge.
On the other hand, if we were to hold that the liberality of amendments allowed to pleadings would permit this amendment, and accordingly strike the defendant's right to a jury trial, we are denying to the defendant her basic right to a jury trial.
We are impressed by the wisdom of the federal rule in removal jurisdiction cases and are of the opinion that the rule should be adapted to Louisiana procedure, as follows: the jurisdictional amount as pled in a plaintiff's petition, is the amount which will determine whether the defendant shall be entitled to a jury trial or not, and that once a defendant has requested a jury trial and same has been granted, no amendment of pleadings by the plaintiff to diminish the amount demanded will affect the defendant's right to a trial by jury. We believe that such a procedure will eliminate procedural maneuverings regarding jury trials, eliminate the accruing of wasted costs of court where an amendment of the amount demanded comes at the eleventh hour; promote judicial efficiency; and, more importantly, will not prejudice either party.
For the foregoing reasons, the order of the trial court striking the jury trial is reversed and set aside, and the matter is remanded to the trial court for trial by jury.
Costs of this appeal are assessed against the plaintiff; costs at the trial level are to await final disposition of the matter.
REVERSED AND REMANDED.
NOTES
[1] The question of whether or not the trial judge correctly or incorrectly allowed the amended answer and ordered the jury trial is not before us.
[2] C.C.P. art. 1732(1) was amended by Act 766 of 1987 to increase the jurisdictional amount for jury trials from $10,000, exclusive of interest and costs, to $20,000, exclusive of interest and costs. However, for our purposes, the law in question at the time provided for a $10,000 jurisdictional amount.