755 So.2d 877 (2000)
Iray LEDOUX
v.
CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, et al.
No. 99-C-2061.
Supreme Court of Louisiana.
February 29, 2000.
Daniel Laraway Avant, Floyd J. Falcon, Jr., Avant & Falcon, Baton Rouge, Counsel for Applicant.
Dawn N. Guillot, Michael Elven Ponder, Baton Rouge, Counsel for Respondent.
MARCUS, Justice.[*]
Iray Ledoux was appointed by the City/Parish Council for the City of Baton Rouge and the Parish of East Baton Rouge (city/parish) to the position of Director of Aviation for the Greater Baton Rouge Airport District (airport district) on May 1, 1977. He was employed in this position until his retirement, effective April 28, 1995. Prior to August 1, 1985, the airport district followed an unwritten policy of the city/parish which allowed exempt unclassified (supervisory) employees like Mr. Ledoux to accumulate unlimited compensatory time at the rate of one-and-a-half hours for every hour worked in excess of forty hours per calendar week. This accrued time could be taken either as leave during employment or prior to retirement, or as payment upon retirement. Mr. Ledoux alleged that during his employment between 1977 and 1985, he accumulated 2,128 hours of compensatory time.
On July 29, 1985, Mr. Ledoux and other department heads and appointing authorities received a memorandum from the Department of Personnel of the city/parish setting out the compensatory leave policy that would be followed after August 1, 1985, as to exempt unclassified employees. Under the policy, compensatory time would be accrued at the rate of time-and-a-half for each hour *878 worked in excess of forty hours per week, but the amount of compensatory time that could be accrued would be reduced to 45 days or 360 hours. Any compensatory time earned above that amount would be removed from the employee's records. The memorandum further provided that no employee may receive compensatory time off prior to resignation or retirement. Effective November 12, 1986, Rule IV, Section 21 of the Personnel Rules was amended to further reduce the amount of compensatory leave that could be accrued from 45 days or 360 hours to 30 days or 240 hours. Prior to 1988, Section 22 of Rule IV provided that all compensatory time accrued shall be paid at the time of termination. Section 22 of Rule IV was amended in 1988 to add a provision prohibiting exempt unclassified employees such as Mr. Ledoux from being paid for unused compensatory time when their service ended.
On March 6, 1995, Mr. Ledoux wrote a letter to the chief administrative officer of the City of Baton Rouge announcing his retirement and requesting that he be paid for the 2,128 hours of compensatory time that he had accrued prior to August 1, 1985. His request was denied. He retired from his position on April 28, 1995.
On July 17, 1995, Mr. Ledoux filed suit against the city/parish and the airport district alleging that the policy regarding compensatory time adopted by the city/parish on August 1, 1985, which reduced the compensatory leave to 360 hours deprived him of 1,768 hours of compensatory leave accrued between 1977 and 1985 at the rate of $40.6705 per hour or $76,785.90.[1] Plaintiff prayed for judgment in that amount plus penalty wages, legal interest from date of judicial demand until paid and reasonable attorney fees pursuant to La. R.S. 23:632.
Defendants filed an exception of prescription on the ground that the claim for payment for compensatory leave earned prior to 1985 was prescribed under the three year prescriptive period of La. Civ. Code art. 3494. The trial judge denied the exception of prescription. Defendants applied for writs to the court of appeal which were denied. This court denied defendants' application for writs stating that the prescription issue could be reurged on appeal in the event of an adverse judgment.[2]
After trial on the merits, the trial judge rendered judgment in favor of Mr. Ledoux and against the city/parish and the airport district finding that Mr. Ledoux was entitled to payment for 823 hours of compensatory time at the rate of $27.03 an hour or $22,245.69. The trial judge further awarded interest in favor of Mr. Ledoux and awarded attorney fees in favor of plaintiff's counsel for $13,021.35.
The city/parish and the airport district appealed. The majority of the five judge panel of the court of appeal reversed on the issue of prescription. It held that the three year prescriptive period of La. Civ. Code art. 3494 applicable to claims for unpaid compensation commenced to run in 1985 and 1986, respectively, when Mr. Ledoux's right to accrue compensatory time was altered by changes in the compensatory leave policy applicable to him, and therefore, suit filed in 1995 was prescribed. The majority found that when the amount of compensatory time that could be accrued was reduced, Mr. Ledoux was deprived of his right to compensatory time he had accrued. It concluded that "although he could not collect payment until he retired from his employment," Mr. Ledoux's demand for adherence to the terms of his employment arose on the dates that the reductions were effectuated. Two dissenting judges were of the opinion that prescription did not begin to run until April 28, 1995, the date that Mr. Ledoux retired, and therefore suit was timely *879 filed.[3] Upon plaintiff's application, we granted certiorari to review the correctness of that decision.[4]
The issue presented for our review is whether Mr. Ledoux's suit filed in 1995 claiming payment for compensatory time he accrued between 1977 and August 1, 1985, has prescribed.
In Knecht v. Bd. of Trustees for State Colleges and Univ., 591 So.2d 690 (La.1991) we held that paid compensatory leave is a form of deferred compensation in lieu of wages, and when an employer promises a benefit to employees and employees accept by their actions in meeting the conditions, the result is not a mere gratuity but a vested right in the employee to the promised benefit. We have also held that an employer cannot require an employee to forfeit wages upon resignation; for example, once benefits such as vacation pay have vested, company policy cannot then deprive the employee of the right to these benefits. Beard v. Summit Institute, 97-1784 (La.3/4/98); 707 So.2d 1233. In Jones v. City Parish of East Baton Rouge, 526 So.2d 462 (La.App. 1st Cir.1988), the court held that a supervisory employee of the City of East Baton Rouge had a constitutionally protected property right in his compensatory time that he had accrued prior to the application of a new personnel policy that was put into effect (the same policy at issue in this case) limiting the amount of compensatory time that could be earned. The court reasoned that due to the long-standing policy of allowing unlimited accrual of compensatory time, along with allowing early retirement based thereon, the city gave plaintiff the right to expect such treatment. Hence, based on the precepts in the cases set forth above, we conclude that Mr. Ledoux has a right to collect payment for the compensatory time that he earned prior to the policy changes implemented by the city/parish on August 1, 1985, and thereafter, unless his claim for payment has prescribed.
La. Civ.Code art. 3494 provides in pertinent part that the following actions are subject to a liberative prescription of three years:
An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money lodging, and board;
Mr. Ledoux's claim for unpaid compensatory time falls within the purview of "compensation for services rendered." As such, the three year prescriptive period of La. Civ.Code art. 3494 applies to this situation.
Having determined that the three year prescriptive period of La. Civ.Code art. 3494 applies to this claim, we next address the more difficult question of when prescription on Mr. Ledoux's action commenced to run.
La. Civ.Code art. 3495 addresses the commencement and accrual of the three year prescriptive period. It provides that:
This prescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies or other services (emphasis added).
Black's Law Dictionary defines an "exigible" debt as a liquidated and demandable debt; a mature claim. Comment (b) to article 3495 states:
On principle, liberative prescription commences to run from the day a cause of action arises and its judicial enforcement is possible. See 2 M. Planiol, Traite elementaire de droit civil 3 Pt. 2, at 358 (Louisiana State Law Institute trans. 1959):
Liberative prescription begins to run as soon as the action accrues, or, as Pothier said "the day on which the creditor *880 could institute his demand." It cannot commence sooner, because the time given for prescription should be a time during which the action can be exercised, and one cannot reproach the creditor for not having acted at a time when he did not have the right to do so. Otherwise, it could happen that the right would be lost before it could be exercised, which would be as unjust as absurd (Cass. Civ., 11 Dec. 1918, D.1923.1.96, P. and S.1921.1.161).
Applying article 3495 to the facts of this case, we conclude that Mr. Ledoux's claim for payment for compensatory time which accrued prior to 1985 had not prescribed when he filed this suit in 1995. Prescription on this claim did not commence to run until payment for his accrued compensatory time became exigible or when Mr. Ledoux could act on his claim for payment thereof. It is undisputed that until August 1, 1985, an unwritten policy allowed exempt unclassified employees like plaintiff to accrue unlimited compensatory time that could be taken either during employment or upon resignation or retirement, or the employee could be paid for the time when he was terminated or retired. As of August 1, 1985, a new compensatory leave policy reduced the amount of plaintiffs compensatory hours that could be accrued from an alleged 2,128 hours to 360 hours and further provided that plaintiff could not take compensatory leave prior to resignation or retirement. Personnel Rule IV, Section 22 provided that "all compensatory time accrued shall be paid at time of termination."[5] Therefore, we find that when Mr. Ledoux's accrued compensatory time was reduced in 1985, he could neither be paid for the accrued compensatory time nor could he use the accrued time under the personnel rules of the city/parish in effect in 1985 until he was terminated or he retired. The prescriptive period could not commence sooner than the time of resignation or retirement because he could not institute his demand sooner under the personnel policy. Hence, his right to claim payment for compensatory time was not exigible until he retired in 1995. He filed this suit a few months later.[6]
We conclude that Mr. Ledoux's suit was timely filed. The court of appeal erred in finding otherwise. We must reverse.
*881 The remaining assignments of error concerning the amount of compensatory time owed to plaintiff as well as the rate of pay for the compensatory time are remanded to the court of appeal since that court did not decide these issues on appeal, having found that the action was prescribed.

DECREE
For the reasons assigned, the judgment of the court of appeal in favor of the City of Baton Rouge/Parish of East Baton Rouge and the Greater Baton Rouge Airport District granting the exception of prescription and dismissing Iray Ledoux's suit is reversed. The judgment of the trial court denying the exception of prescription is reinstated. The case is remanded to the court of appeal to consider the issues not reached in its previous opinion. All costs are assessed against defendants.
NOTES
[*] Traylor, J., not on panel. Rule IV, Part 2, § 3.
[1] No claim for compensatory time accrued after 1985 has been made in this lawsuit.
[2] 97-1728 (La.7/22/97); 696 So.2d 1016.
[3] 98-0683 (La.App. 1st Cir. 6/25/99); 739 So.2d 294.
[4] 99-C-2061 (La.11/5/99); 750 So.2d 972.
[5] In 1988, Section 22 of Rule IV was amended to state that exempt unclassified employees could not receive any payments for compensatory time. Defendants argue that even if the personnel policy of the city/parish in 1985 provided that plaintiff's claim was not payable until he was terminated or he retired, after 1988, plaintiff could no longer be paid for unused compensatory time. Therefore, in 1988, plaintiff was placed on notice that a claim for payment of accrued compensatory time was no longer available, and he should have brought his suit within three years of that notice. We disagree. Rule IV, Section 22 also provided that payment for compensatory time would not be made until termination or retirement, making his claim not exigible or collectible until that date. The change in the rule in 1988 could not affect Mr. Ledoux's right to be paid for the compensatory time upon termination that had accrued and vested as of 1985. We think that the change in the rule in 1988 could only affect compensatory time accrued after 1988.
[6] Our previous ruling in Montiville v. City of Westwego, 592 So.2d 390 (La.1992), is distinguishable. In Montiville, police officers filed a petition for declaratory relief against the City of Westwego claiming entitlement to overtime, sick leave and annual leave. Assuming that these benefits were due and exigible when earned, the court held that the declaratory judgment suit, filed within three years of when benefits were due, interrupted prescription on a suit to collect these benefits which was filed more than three years after payment of the benefits was exigible. In contrast, in the instant case, a claim for payment for compensatory leave did not become exigible until Mr. Ledoux retired. In distinguishing Montiville, we are not saying that Mr. Ledoux could not have filed a declaratory judgment suit to determine his right to be paid compensatory time, only that it was not necessary to file a declaratory judgment action in order to interrupt prescription on the claim for payment of compensatory time which did not commence to run until the benefits became exigible upon Mr. Ledoux's retirement.