McClendon, j.
| plaintiffs, Milton D. Reed and various similarly situated current or former employees of the Baton Rouge Police Department, appeal the district court’s sustaining of the peremptory exception raising the objection of prescription filed by defendant, the City of Baton Rouge. We affirm.
While members of the police department’s K-9 unit, plaintiffs provided one hour per day of “kennel time” caring for their dogs. The parties stipulated that, prior to a change in policy on August 5, 1988, each plaintiff had the option to elect payment of overtime or accrual of compensatory time as payment for their “kennel time.” According to another stipulation filed in the record, “[o]ne or more plaintiffs ... made demands for kennel time ... over the years,” which were not granted. Approximately 13 years later, on August 10, 2001, plaintiffs sued demanding “an accounting and crediting of all compensatory time” arising from the “kennel time” in question.
Based on the record evidence, including the stipulations, the trial court sustained the exception of prescription. On appeal, plaintiffs, relying on Ledoux v. City of Baton Rouge, 99-2061 (La.2/29/00), 755 So.2d 877, argue that their claims for compensatory time did not commence to run until they retired or were terminated.
*175 An action for compensation is subject to a three year prescriptive period. LSA-C.C. art. 3494(1); Ledoux v. City of Baton Rouge, 99-2061, pp. 4-5 (La.2/29/00), 755 So.2d 877, 879. Pursuant to Louisiana Civil Code article 3495, “prescription commences to run from the day payment is exigible,” that is, when the debt becomes liquidated and demandable, or is judicially enforceable. Ledoux, 99-2061 at p. 5, 755 So.2d at 879; LSA-C.C. art. 3495, Revision Comments-1983 (b); Black’s Law Dictionary 410 (7th ed.1999).
In Ledoux, the evidence showed that the payments were not exigible or demandable until retirement or resignation. Ledoux, 99-2061 at p. 2, 755 So.2d at 878. In this particular case, prior to the 1988 policy change, the plaintiffs had the option to make an essentially contemporaneous election of | .¿payment for overtime or accrual of compensatory time. One or more plaintiffs admittedly made such a demand, which was denied. Thus, unlike the plaintiffs in Ledoux, the claim here was exigi-ble, demandable, and judicially enforceable before the plaintiffs’ retirement or termination dates.
For these reasons, we affirm the judgment of the trial court in this memorandum opinion issued in compliance with Uniform Rules-Courts of Appeal, Rule 2-16.1.B. The costs of the appeal are assessed to plaintiffs.
AFFIRMED.