## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 20-351


**RUBY MCCALL**

**VERSUS**

**LOUISIANA RIGHT OF WAY
SERVICES, INC.**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF ACADIA, NO. 19-04037
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**********

## BILLY HOWARD EZELL
## JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Candyce G. Perret, Judges.


**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**Somer G. Brown**
**Cox Cox Filo Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Ruby McCall**

**Forrest E. Guedry**
**Kean Miller LLP**
**PO Box 3513**
**Baton Rouge, LA 70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Right of Way Services, Inc.**

**EZELL, Judge.**

Ruby McCall appeals a trial court judgment granting an exception of prescription filed by Louisiana Right of Way Services, Inc. Ms. McCall claims that her claim is not prescribed because the three-year prescriptive period provided by La.Civ.Code art. 3494 applies to her claim for unpaid wages she filed pursuant to La.R.S. 23:1163. For the following reasons, we agree that a three-year prescriptive period applies.

## FACTS

According to the record, Ms. McCall went to work for Louisiana Right of Way Services, Inc., (LRWS) in 2012, as a project coordinator. Based on the statements made at the hearing on the exception of prescription, LRWS is a business that evaluates and appraises land for rights-of-way for use by telecommunications, utility, or pipeline companies. LRWS claims that Ms. McCall was hired as an independent contractor and that it had an agreement with her to deduct expenses for her personal workers' compensation coverage from the fees it owed her. This practice was continued until April 2019, when Ms. McCall left employment with LRWS.

On June 21, 2019, Ms. McCall filed a disputed claim for compensation arguing that LRWS improperly deducted workers' compensation premiums from her wages. Suit was originally filed with the Office of Workers' Compensation, District 03 - Lake Charles, Louisiana. LRWS filed an exception of improper venue because Ms. McCall's residence and LRWS's principal place of business are in Acadia Parish, District 04 - Lafayette, Louisiana. The matter was transferred to District 04 on July 25, 2019.

LRWS filed an exception of prescription on September 23, 2019, arguing that the last alleged wrongful tortious conduct occurred in September 2017, when Ms. McCall purchased her own workers' compensation policy. The hearing was held on December 6, 2019. A judgment was signed on January 23, 2020, granting the exception of prescription. Pursuant to an agreement with all counsel, an amended judgment was signed February 6, 2020, designating the judgment as a final judgment and dismissing Ms. McCall's claims against LRWS. Ms. McCall then filed the present appeal.

## PRESCRIPTION

The party pleading the exception of prescription bears the burden of proof unless it is apparent from the face of the pleadings that the claim has prescribed; In that case, the burden is on the plaintiff to prove that the claim has not prescribed. *Orsot v. Acadian Ambulance Serv., Inc.*, 19-863 (La.App. 3 Cir. 7/15/20), ___ So.3d ___. The standard of review applied by an appellate court in reviewing a grant of an exception of prescription depends on whether evidence was presented at the hearing on the exception. *Id.* A manifest error standard of review is applied if there was evidence presented at the hearing. *Id.* If no evidence was offered at the hearing, the appellate court must simply determine whether the trial court's decision was legally correct. *Id.* In that case, the appellate court reviews the issue de novo, "giving no deference to the trial court's legal determination." *Wells Fargo Fin. La., Inc.*, 17-413, p. 8 (La.App. 4 Cir. 11/15/17), 231 So.3d 793, 800.

In the present case, no evidence was offered at the hearing on the exception of prescription. Therefore, we will determine whether the workers' compensation judge's (WCJ) decision to grant LRWS's exception of prescription was legally correct.

Ms. McCall argues that the WCJ committed legal error in applying a one-year prescriptive period to her claim for unpaid wages she filed pursuant to La.R.S. 23:1163. Louisiana Revised Statutes 23:1163 provides:

A. It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer's own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.

B. Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees; nothing herein shall apply to an employer qualified under the laws of this state to engage in the liability insurance business. In addition, nothing herein shall be construed to prevent an independent contractor who is a sole proprietor and who has elected by written agreement not to be covered by the provisions of this Chapter in accordance with R.S. 23:1035 from entering into a contract with his principal pursuant to which the independent contractor is responsible for securing insurance or self-insurance for the benefits provided pursuant to this Chapter or to reduce payments to the independent contractor for coverage of the independent contractor or his employees pursuant to a contract, nor shall it be a violation of this Section if a principal has agreed to provide workers' compensation insurance to all contractors working under a contract with the principal and for the cost of this coverage to be a consideration in the contract between the principal and the contractors.

C. Whoever violates any provision of this Section shall be fined not more than five hundred dollars, or imprisoned with or without hard labor for not more than one year, or both.

D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section shall be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars and not more than five thousand dollars payable to the employee and reasonable attorney fees. Restitution shall be ordered up to the amount collected from the employee's wages, salary or other compensation. The award of

penalties, attorney fees, and restitution shall have the same force and effect and may be satisfied as a judgment of a district court.

In 2004, La.R.S. 23:1163 was amended by Acts 2004, No. 416, § 1, which added Subsection D to La.R.S. 23:1163 to provide that an employer who unlawfully collects workers' compensation premiums from employees is potentially liable for a civil penalty in addition to the already-existing criminal penalty provision. At the same time, the Legislature also added the provision providing that an independent contractor could enter into a contract with the principal agreeing that the independent contractor would be responsible for securing workers' compensation insurance or paying for the premiums personally. Nothing in the statute says anything about the prescriptive period for asserting an action against an employer for violation of the statute.

Ms. McCall claims she is seeking payment of compensation for services she rendered that were improperly deducted from her paycheck. Therefore, she claims the applicable prescriptive period is found in La.Civ.Code art. 3494(1), which provides: "The following actions are subject to a liberative prescription of three years: (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board[.]"

In *Chevalier v. L.H. Bossier, Inc.*, 95-2075, p. 5 (La. 7/2/96), 676 So.2d 1072, 1076, the supreme court stated that "La.R.S. 23:1163 . . . has effect whether or not an injury has occurred to an employee[.]" Clearly, La.R.S. 23:1163 has nothing to do with a suit seeking workers' compensation indemnity or medical benefits, which are subject to a one-year prescriptive period as set forth in La.R.S. 23:1209.

4

The proper characterization of the nature of the cause of action determines the applicable prescriptive period. *DePhillips v. Hosp. Serv. Dist. No. 1 of Tangipahoa Par.*, 19-1496 (La. 7/9/20), ___ So.3d ___. Ms. McCall filed suit seeking payment for amounts she claims were wrongfully deducted from her paycheck. Mrs. McCall is not making a claim for any type of workers' compensation benefits. We find that La.Civ.Code art. 3494(1), regarding payment for services rendered, is the proper statute to be applied and therefore, Ms. McCall had three years to file suit.

LRWS argues that even if La.Civ.Code art. 3494 is applicable, the exception of prescription was properly granted as to Ms. McCall's claim for unpaid wages. It argues that the alleged deductions in the three years prior to it being served were prescribed. LRWS further claims that Ms. McCall's claim is prescribed as suit was not timely filed. In support of this position, LRWS cites La.Civ.Code art. 3462 which provides that if suit is filed in a court of improper venue, prescription is only interrupted by service of process within the prescriptive period.

Regarding the prescriptive period in La.Civ.Code art. 3494, La.Civ.Code art. 3495 provides that, "This prescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies, or other services." As explained by Comment (b) to La.Civ.Code art. 3495, "On principle, liberative prescription commences to run from the day a cause of action arises and its judicial enforcement is possible." A claim for payment of wages is "exigible" when the "demand for payment can be made." *Monroe v. Physicians Behavioral Hosp., LLC*, 49,248, p. 12 (La.App. 2 Cir. 8/13/14), 147 So.3d 787, 794; *Ledoux v. City of Baton Rouge*, 99-2061 (La. 2/29/00), 755 So.2d 877; *Orsot*, ___ So.3d ___. "In cases dealing with salaries and wages, the demand

5

for payment can be made as soon as the wages are earned and payable." *Monroe*, 147 So.3d 794.

In *Fishbein v. State of Louisiana Ex rel. LSUHSC*, 04-2482 (La. 4/12/05), 898 So.2d 1260, the supreme court held that any claims for compensation that the plaintiff had that were over three years old before suit was filed had prescribed. However, suit by the plaintiff was timely as to any claims for recovery of compensation that occurred within the three years prior to the filing of suit.

As previously stated, suit was filed in a court of improper venue but transferred to a court of proper venue. The return receipt for the service of process of the filing of suit indicates that it was served on June 28, 2016. Therefore, any claim Ms. McCall has for improper deductions for workers' compensation premiums arising prior to June 28, 2016, three years prior to the date that LRWS was served, are prescribed. Ms. McCall's claim for improper deductions are timely as to any claim arising as of June 28, 2016. Accordingly, we sustain the exception of prescription asserted by LRWS as to any alleged claims for improper deductions prior to June 28, 2019.

## CONCLUSION

For the reasons set forth in this opinion, we find that the three-year prescriptive period of La.Civ.Code art. 3494 is applicable to Ms. McCall's claim for the recovery of compensation for services rendered. The trial court was correct in granting Louisiana Right of Way Services, Inc's exception of prescription as to any claims arising prior to June 28, 2016. Otherwise, the exception of prescription is denied as to any claims arising as of June 28, 2016. We remand this case to the Office of Workers' Compensation for further proceedings consistent with this

opinion. Costs of this appeal are assessed equally to Ruby McCall and Louisiana Right of Way Services, Inc.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**