GUIDRY, J.
|aPlaintiff, Alvin D. Singletary, appeals a judgment of the trial court denying his petition for declaratory judgment, temporary restraining order, preliminary injunction and permanent injunction. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
Alvin D. Singletary served as a councilman at large for the City of Slidell from 1978 until he retired on his sixtieth birthday in September 2002. While serving as a councilman, Singletary participated in the City’s health insurance program, administered by Benefit Management Services, and upon retirement, elected to continue to participate in the City’s health insurance plan. At the time of Single-tary’s retirement, section 21-21 (b)(1) of the Code of Ordinances of the City of Slidell, related to health insurance participation and employer contributions, provided:
Retired city employees and retired elected city officials shall participate in the city’s health insurance program under the following conditions:
(1) A city employee or city elected official who:
a. Separates from city service after a minimum of ten years of service;
b. Within 18 months after such separation receives retirement benefits under any retirement plan authorized by the city;
c. Participated in the city’s health insurance plan for a minimum of 12 months immediately prior to such separation; and
*1089 d. Participates in the city’s health insurance plan from the time of separation to the time retirement benefits are received;
may elect to continue to participate in the city’s health insurance plan. The city shall pay 100 percent of the cost of the individual or family coverage elected by the former employee or elected official beginning at the time retirement benefits are received.
lain accordance with Section 21-21, upon his retirement, Singletary elected to continue to participate in the City’s health insurance plan with family coverage, and the City has paid 100 percent of the cost of that coverage.
On August 26, 2008, the City adopted ordinance number 3498, which amends Section 21-21 relative to health insurance coverage for retirees by adding subsection (3), which provides:
Each City retiree shall, upon reaching the age of sixty five, apply for Medicare coverage Parts A and B. The City shall provide Medicare Advantage coverage at no cost to the retiree. Those retirees who are ineligible for Medicare shall be allowed to continue participation in the City’s health insurance program to the same extent as prior to reaching the age sixty five.
Thereafter, on October 13, 2008, Ben O. Morris, Mayor of Slidell, sent a letter to all City retirees, informing retirees that the City was making changes to its medical plan, including moving all Medicare eligible retirees and/or their spouses to a Medicare Advantage Plan. The letter informed these retirees that they will be required to choose from three Medicare Advantage Plans through Humana, and that this change will go into effect on January 1, 2009. A fact sheet was attached to the letter, indicating that the retiree must be enrolled in Medicare Part A and Part B in order to participate in the Humana Medicare Advantage Plan.
On May 14, 2009, Singletary filed a petition for declaratory judgment, seeking judgment declaring that ordinance number 3493 is not applicable to him and that he has a vested right in his retirement health insurance benefit, which cannot be impaired or reduced, and that he and his family are entitled to continue to participate in the City’s health insurance plan with Benefit Management Services at no cost. Singletary subsequently filed a supplemental and amending petition seeking a temporary restraining order, preliminary injunction and permanent injunction prohibiting the City from removing Singletary from his health insurance coverage with the City through Benefit Management Services.
| .(Following a hearing on the rule for preliminary and permanent injunction, the trial court signed a judgment in favor of the City, denying the preliminary writ of injunction prayed for by Singletary to restrain the City during the pendency of the proceedings from removing petitioner from his coverage by the City’s health insurance plan through Benefit Management Services and dismissed his rule. Singletary filed a motion for new trial, which was denied. The trial court subsequently conducted a trial on the merits of Singletary’s request for a permanent injunction, following which the court signed a judgment in favor of the City, denying Singletary’s claim with prejudice. Singletary now appeals from this judgment.
DISCUSSION
A contract is formed by the consent of the parties established through offer and acceptance. Unless the law prescribes a certain formality for the intended contract, offer an acceptance may be made *1090 orally, in writing or by action or inaction that under the circumstances is clearly indicative of consent. La. C.C. art. 1927. Nearly every state has determined, using precepts similar to our civilian principles, that when an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is not a mere gratuity or illusory promise but a vested right in the employee to the promised benefit. Knecht v. Board of Trustees for State Colleges and Universities and Northwestern University, 591 So.2d 690, 695 (La.1991).
In Section 21 — 21(b)(1), the City offers to retired city employees and retired elected city officials participation in the city’s health insurance program if certain conditions are met. These conditions include: separation from City service after a minimum of ten years of service; receipt of retirement benefits under any retirement plan authorized by the City within 18 months of separation from City service; participation in the City’s health insurance plan for a minimum of 121 ¿months immediately prior to such separation; and participation in the City’s health insurance plan from the time of separation to the time retirement benefits are received. If these conditions are met, the retired City employee or retired elected City official may elect to continue to participate in the City’s health insurance plan, and the City shall pay 100 percent of the cost of the individual or family coverage elected by the former employee or elected official beginning at the time retirement benefits are received.
In the instant case, Singletary, who met the conditions set forth in Section 21-21, elected to continue to participate in the City’s health insurance plan with family coverage. Thereafter, the City continued to enroll Singletary on its health insurance plan administered by Benefit Management Services and paid 100 percent of the premium for Singletary’s family coverage. Accordingly, Singletary has a vested right to the promised benefit.
The City argues, and the trial court found, that although the City has a new plan, it is still carrying the expense for Singletary’s premium at 100 percent, and therefore, continues to provide the promised benefit. We disagree.
Medicare Advantage Plans, sometimes called “Part C” or “MA Plans,” are offered by private companies approved by Medicare. If you join a Medicare Advantage Plan, you still have Medicare, but you get your Part A (hospital insurance) and Part B (medical insurance) coverage from the Medicare Advantage Plan and not Original Medicare. All types of Medicare Advantage Plans cover emergency and urgent care, and must cover all of the services that Original Medicare covers, except hospice care. Medicare Advantage Plans may offer extra coverage and most include Medicare prescription drug coverage. However, each Medicare Advantage Plan can charge different out-of-pocket costs and can have different rules for how you get services (ie., whether you need a referral to see a specialist and whether you can only go to doctors, facilities, or suppliers that |fibelong to the plan for non-emergency or non-urgent care). Medicare & You, CMS (2012).
Further, 42 U.S.C. § 1395w-21(a)(l), regarding eligibility, election and enrollment in the Medicare + Choice program, provides that “each Medicare+Choice eligible individual ... is entitled to elect to receive benefits ... under this subchapter — (A) through the original medicare fee-for-ser-viee program under parts A and B of this subchapter, or (B) through enrollment in a Medicare + Choice plan under this part[.]”
*1091 Ordinance No. 3493, however, mandates that each city retiree apply for Medicare Part A and Part B coverage upon reaching the age of sixty-five, and that the City will provide Medicare Advantage coverage at no cost to the retiree. Retirees who are ineligible for Medicare, however, will be allowed to continue participation in the City’s health insurance program to the same extent as prior to reaching the age of sixty-five. A subsequent letter sent by the Mayor of Slidell to City retirees reiterates that Medicare eligible retirees and/or their spouses will be moved to a Medicare Advantage Plan effective January 1, 2009, and that they will be required to choose between three available Humana Medicare Advantage plans by that date.
Accordingly, unlike City employees who retire after August 26, 2008, the effective date of Ordinance No. 3493, Singletary did not “elect” to participate in a Medicare Advantage plan. Rather, he elected to continue to participate in the City’s health insurance plan, which was a traditional insurance plan, that upon reaching the age of sixty-five operated as supplemental insurance to his Medicare Part A. The City, pursuant to Ordinance No. 3493, is unilaterally moving Singletary, a Medicare eligible retiree, to a Medicare Advantage Plan and is conditioning the City’s continued payment of 100 percent of his coverage cost upon his enrollment in one of three Humana Medicare Advantage Plans. Not only 17is this in contravention of the federally recognized right of beneficiaries to freely decide the type of Medicare coverage desired by them, but it represents a material modification of the terms of the parties agreement, as contained in Section 21-21. Therefore, applying Ordinance No. 3493 retroactively impermissibly divests Singletary of his vested right to benefits.
Therefore, from our review of the record, we find that the trial court erred in concluding that even though the City has a new plan and is paying 100 percent of Singletary’s coverage cost, it is continuing to provide the coverage it has promised. Further, we find that the trial court abused its discretion in denying Single-tary’s claim for a declaratory judgment and permanent injunction.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of Singletary and against the City, finding that Singletary is entitled to continue to participate in the City’s health insurance plan administered by Benefit Management Services and ordering the City to allow Singletary to re-enroll in said plan effective immediately. All costs, in the amount of $850.25, are assessed to the City of Slidell.
REVERSED AND RENDERED.