# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **14th day of October, 2015**, are as follows:

**BY CRICHTON, J.**:

2015-C -0136    DEAN BORN v. CITY OF SLIDELL (Parish of St. Tammany)

After twenty-four years of service with the City of Slidell, Mr. Born retired on August 1, 2008, and having met the necessary requirements, he elected to continue his health insurance coverage under §21-21(b)(1) of the Code of Ordinances of the City in accordance with his agreement with the City.  Not only do we find plaintiff's suit was not prescribed, we further conclude that Ordinance 3493 cannot be retroactively applied to plaintiff in this instance, as such an application serves to divest the plaintiff of his vested right in the benefits which he was owed under his contract with the City of Slidell.  AFFIRMED.

GUIDRY, J., dissents in part and concurs in part and assigns reasons.

## SUPREME COURT OF LOUISIANA

## NO. 15-C-0136

## DEAN BORN

v.

## CITY OF SLIDELL

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF ST. TAMMANY

CRICHTON, J.

We granted certiorari in this matter to determine whether a retiree of the City of Slidell, plaintiff Mr. Dean Born, may continue participating in the City of Slidell's health insurance plan following the City's adoption of Ordinance No. 3493, which requires each city retiree to apply for Medicare coverage upon reaching the age of sixty-five. For the reasons that follow, we affirm the Court of Appeal's finding that the City cannot terminate plaintiff's desired plan coverage and require him to accept Medicare coverage, where plaintiff retired before the effective date of the Ordinance.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was employed by the City of Slidell from April 30, 1984, until his retirement on August 1, 2008, at the age of sixty (60). Upon his retirement, plaintiff began drawing retirement benefits from the City of Slidell's Municipal Employee's Retirement System. Also at the time of plaintiff's retirement, §21-21(a) and (b)(1) of the Code of Ordinances of the City of Slidell provided, in pertinent part:

(a) The city shall contribute to a program of health insurance for all full-time city employees, all elected officials and all city retirees.

(b) Retired city employees and retired elected city officials shall participate in the city's health insurance program under the following conditions:

1

(1) A city employee or city elected official who:
   a. Separates from city service after a minimum of ten years of service;
   b. Within 18 months after such separation receives retirement benefits under any retirement plan authorized by the city;
   c. Participated in the city's health insurance plan for a minimum of 12 months immediately prior to such separation; and
   d. Participates in the city's health insurance plan from the time of separation to the time retirement benefits are received;

may elect to continue to participate in the city's health insurance plan. The city shall pay 100 percent of the cost of the individual or family coverage elected by the former employee or elected official beginning at the time retirement benefits are received.

This provision shall not apply to a city employee who voluntarily separates from city service in order to avoid disciplinary action.

Effective August 26, 2008, through Ordinance No. 3493, the City of Slidell amended §21-21 to require city retirees, upon reaching the age of sixty-five, to apply for Medicare Coverage, with the City to pay Medicare Advantage at no cost to the retiree.[1] The additional section states as follows:

(3) Each City retiree shall, upon reaching the age of sixty-five, apply for Medicare coverage Parts A and B. The City shall provide Medicare Advantage coverage at no cost to the retiree. Those retirees who are ineligible for Medicare shall be allowed to continue participation in the City's health insurance program to the same extent as prior to reaching age sixty five.

---

[1] In the record presented to this court, plaintiff's exhibits include an opinion request from the Mayor of Slidell, Ben O. Morris, to the Attorney General, asking whether any ordinance providing for retirement benefits that is in effect at the time of an employee's retirement operates as a contract between the City and the retiree. In finding the City is bound to honor contractual or vested rights which inure to the benefit of its retirees, if any, the Attorney General answered in the affirmative, stating:

> [h]ealth insurance coverage for retirees is a benefit provided by the City to its employees, and is part of the contract of employment between the employer and the employee. . . . .the nature of retiree health benefits provided by the City are defined by the City ordinance. As such, it is our opinion that the ordinance providing for retirement benefits that is in effect at the time of an employee's retirement operates as a contract between the City and the retiree.

> Op. Atty. Gen., No. 07-0287 (11/26/07).

Although attorney general opinions are merely advisory and not binding on this Court, we recognize that they do have persuasive authority. *City of New Orleans v. Bd. of Directors of La. State Museum*, 98-1170 (La. 3/2/99), 739 So. 2d 748, 753 n.11.

Plaintiff received a letter from the City of Slidell on May 1, 2013, informing him that because of his impending sixty-fifth birthday on July 1, 2013, he would no longer be eligible for the City of Slidell's medical service, as "[a]ll retirees and spouses 65 and older with Medicare Parts A and B must enroll in Humana Group Medicare." The letter also stated that if plaintiff was not eligible for Medicare, he must present the City with adequate documentation to that effect. Plaintiff objected to the City's course of action and exchanged several letters with the City communicating his desire to remain on the City's retirement health plan ("the plan"). When the City reiterated to Mr. Born its intention to remove him from the plan and require him to elect Medicare coverage, on July 25, 2013, he filed a "Petition for Declaratory Judgment, Temporary Restraining Order, Preliminary Injunction and Permanent Injunction" in the 22nd Judicial District Court.

In his Petition, plaintiff asserted he met the requirements listed under §21-21(b)(1) of the Code of Ordinances of the City of Slidell, which were in effect at the time of his retirement on August 1, 2008, and consequently, he was entitled to elect to continue to participate in the City's health insurance plan with the City paying 100% of the cost for plaintiff's family coverage under the plan. Plaintiff argued he had a vested right to the benefit promised by the City of Slidell in §21-21, and the City was intending to breach its contract with plaintiff, thereby depriving him of his vested right to the promised benefit. As a result, plaintiff requested a declaration of his right to continue participating in the plan and an injunction prohibiting the City from removing plaintiff from his desired health insurance plan with the City of Slidell.

In response, the City filed a peremptory exception of prescription, arguing that plaintiff's suit, one for compensation for services rendered and filed five (5) years after the passage of Ordinance No. 3493, was subject to a liberative prescriptive period of three (3) years and was therefore prescribed. Following a

joint stipulation of facts submitted on October 18, 2013, and a hearing on the matter on October 23, 2013, the trial court took the matter under advisement.

On November 4, 2013, the trial court issued written reasons for judgment, denying the City's Exception of Prescription, and granting plaintiff's request for a declaratory judgment that Mr. Born and his family are entitled to continue to participate in the City's plan, with the City paying 100% of the premium associated with the coverage afforded to plaintiff and his family under the plan. Specifically, regarding the City's prescription argument, the trial court found that by removing plaintiff from the City's health insurance plan, the City would be breaching its agreement with plaintiff for continued participation in the plan, thereby depriving him of his vested right to benefits. As a result, the trial court found prescription in this matter would begin to run at the time the City removed plaintiff from the City's health insurance plan. The court concluded the plaintiff's suit was timely filed, which was just after plaintiff's sixty-fifth birthday.

The trial court also found dispositive the case of *Singletary v. Slidell*, 211-CA-1538 (La. App. 1 Cir. 6/8/12), *writ not considered*, 12-2068 (La. 11/16/12), 102 So.3d 28, wherein the First Circuit Court of Appeal found the same Slidell City retirement plan to be a contract between the City and the plaintiff, and that the City could not apply Ordinance 3493 retroactively to require plaintiff in that matter (who had retired prior to the time the Ordinance became effective), to accept coverage under the Humana Medicare Advantage plan rather than the City's health insurance plan. The *Singletary* court stated that should the City force the plaintiff to accept the Medicare plan, it would be in contravention to the federally recognized right of beneficiaries to freely decide the type of Medicare coverage decided by them. Applying *Singletary* in this instance, the trial court found Ordinance No. 3493 may not be applied retroactively to retirees who have met the conditions of §21-21, as it impermissibly divests plaintiff of his vested rights.

4

After the trial court's judgment was issued, the City of Slidell timely appealed this judgment to the Court of Appeal, First Circuit.

In a unanimous opinion, the court of appeal affirmed the trial court's ruling, agreeing with the trial court's finding that plaintiff's claim is not prescribed, as well as its finding that plaintiff met the requisite conditions set forth in §21-21 at the time of his retirement, and as a result, the City could not apply Ordinance 3493 retroactively to remove plaintiff from the plan. In so ruling, the appellate court agreed with the trial court that the prescriptive period for plaintiff's claim did not begin to run until he was removed from the City plan, concluding that contributions to retirement plans, including health benefits, are a form of deferred compensation, and such contributions are subject to the three-year prescriptive period found in La. C.C. art. 3494.[2] This prescription begins to run from the day payment is exigible. La. C.C. art. 3495. As a result, plaintiff's claim for post-age sixty-five coverage under the City plan became exigible when plaintiff reached the age of sixty-five, and the City failed to provide the promised benefit. Plaintiff's claim, the court of appeal concluded, was therefore not prescribed.

Concerning the City's ability to remove plaintiff from its plan upon his sixty-fifth birthday, the court of appeal also referred to its previously discussed decision in *Singletary, supra*, wherein it considered this exact amended ordinance to find that its application to retirees before its enactment impermissibly divested the retired councilman of his vested right to benefits. Here, the appellate court specifically pointed to its finding in *Singletary* that when an employer promises a benefit to employees, and employees accept that offer, or benefit, by their actions

---

[2] The court of appeal relied upon the reasoning in *Fishbein v. State ex rel. Louisiana State University Health Sciences Center*, 04-2482 (La. 4/12/05), 898 So.2d 1260, 1269 (holding the liberative prescription of three years for action to recover compensation for services rendered applied to physician's claims that her supplemental salary she earned was part of her average earnable compensation upon which her retirement benefits were calculated; three-year prescriptive period commenced to run the first month the university paid the physician supplemental salary and failed to remit its share of employer contributions to the Teachers Retirement System of Louisiana based on her supplemental salary).

in meeting the conditions, the result is not a mere gratuity or illusory promise but a vested right in the employee to the promised benefit. *Singletary, supra*, at 1089-90, citing *Knecht v. Board of Trustees for State Colleges and Universities and Northwestern State University*, 591 So.2d 690, 695 (La. 1991).[3] Consequently, the court of appeal found the plan document to be a contract between the City and plaintiff, which, although reserving a right to the City to "terminate, suspend, discontinue or amend the Plan," the court concluded was not being terminated, suspended, or discontinued by the City.[4] Rather, the court found, the City is attempting to remove plaintiff from the City plan that covers its employees and requiring him to enroll in a wholly different plan. The appellate court concluded the plaintiff, having met all necessary conditions at the time of his retirement to participate in the City plan, maintains the right to continue to participate in the plan.

Following the court of appeal's denial of rehearing, the City of Slidell timely applied for writs, and this court subsequently granted. *Born v. City of Slidell*, 2015-C-0136 (La. 4/24/15), 168 So.3d 406.

## LAW AND DISCUSSION

In its brief to this court, the City argues that the court of appeal erred in not finding the plaintiff's claim to be prescribed, and in finding the City was not terminating, suspending, discontinuing or amending the Employee Medical Plan. The City's prescription argument mirrors its assertions in the courts below, in that the City believes plaintiff's claim against it for modification of his retirement

---

[3] The city of Slidell argued below that *Singletary* is not controlling because it did not address the "Plan Document and Summary Plan Description for City of Slidell Medical Plan," which the City acknowledges it failed to bring to the appellate court's attention in *Singletary*.

[4] The plan document was submitted into evidence, and indicates on the first page of the plan that "[t]he employer fully intends to maintain this Plan indefinitely. However, it reserves the right to terminate, suspend, discontinue, or amend the Plan at any time and for any reason."

benefit became exigible when Ordinance 3493 became effective on August 26, 2008, shortly after plaintiff's retirement. According to the City, such a claim for deferred compensation is subject to a three-year prescriptive period under La. C.C. art. 3495. The City also relies on *Ledoux v. City of Baton* Rouge, 99-2061 (La. 2/29/00), 755 So.2d 877, wherein this court reinstated a trial court's denial of prescription in a suit for payment for compensatory leave earned prior to the employee's retirement, and found that since plaintiff was retired, "a claim for payment for compensatory leave did not become exigible until [plaintiff] retired." *Id.* at 880. The City further points to the *Ledoux* court's statement, citing comment (b) to La. C.C. art. 3495, that "[o]n principle, liberative prescription commences to run from the day a cause of action arises and its judicial enforcement is possible." *Id.* at 879. As such, the City asserts, because plaintiff filed suit in this instance on July 25, 2013, almost five years after the enactment of Ordinance 3493, or five years after the date the City alleges plaintiff's action became exigible, his suit is prescribed.

The City avers that through its modification of delivery of health benefits it continues to satisfy its obligation to its employees, which also includes the responsibility to manage the public money it controls. Moreover, the City asserts the court of appeal specifically acknowledged its right to "terminate, suspend, discontinue or amend the plan," yet the court curiously found it was doing none of those things, despite the court's discussion of the "amended . . . . Plan document." *Dean Born v. City of Slidell*, 2014-CA-0264 (La. App 1 Cir. 10/29/14), 157 So.3d 726, 731-2, *reh'g denied*, 12/22/2014. The City, in modifying the delivery of benefits for Medicare eligible retirees, was consistent with its agreements with plaintiff, and was continuing its efforts to be a good steward of public funds.

In contrast, plaintiff Born asserts §21-21 was a contract between him and the City, which states by its clear language that if plaintiff elected to participate in the

7

City plan when he retired, he was entitled to do so for the rest of his life. That contractual obligation limits the City's ability to amend the City plan in a way that would take away a retiree's vested rights. Furthermore, retroactive application of Ordinance 3493 strips plaintiff of the vested rights that he acquired at the time he retired on August 1, 2008. Concerning the City's prescription argument, plaintiff avers that the City incorrectly, and without any statutory or jurisprudential support, asserts that prescription began to run on Mr. Born's claims on August 26, 2008, the date of the enactment of Ordinance No. 3493. Plaintiff avers that this argument ignores the simple premise that the three year liberative prescriptive period applicable here begins to run on the date that payment is "exigible." Under these facts, according to plaintiff, prescription began to run when plaintiff was removed from the City plan at the age of sixty-five, which is the point at which the City failed to do what it was obligated to do (provide retirement benefits). Prescription could not have begun to accrue prior to that failure. In this instance, contrary to the City's argument, plaintiff did not sit on his rights for five years, but acted immediately upon notification that termination of his coverage was imminent.

### *Prescription*

This court has consistently held that the prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings. *Fishbein v. State of La. through Louisiana State University Health Sciences Center*, 04-C-2482 (La. 4/12/05), 898 So.2d 1260, 1265, citing *Starns v. Emmons*, 538 So.2d 275, 277 (La. 1989). As discussed above, plaintiff in the instant matter seeks a declaration of his right to continue his participation in the City of Slidell's retirement plan. Historically speaking, this court, as well as other jurisdictions, has found that retirement and pension benefits are a form of deferred compensation. *Andrepont v. Lake Charles Harbor & Terminal Dist.,* 602 So.2d 704, 708 (citing *Hare v. Hodgins*, 586 So.2d 118, 122 (La.1991) (partition of community property);

8

*Robert C.S. v. Barbara J.S.*, 434 A.2d 383 (Del.1981) (divorce); *T.L. James & Co., Inc. v. Montgomery*, 332 So.2d 834, 851 (La.1976) (succession); *Taylor v. Multnomah County Deputy Sheriff's Retirement Bd.*, 265 Or. 445, 510 P.2d 339 (1973) (deputy sheriff's participation in retirement plan); *Hanson v. City of Idaho Falls*, 92 Idaho 512, 446 P.2d 634 (1968) (policemen's retirement fund)). We do not intend to deviate from that finding, and in fact, reiterate the conclusion that retirement benefits are a form of deferred compensation.

In light of this established principle, we turn to La. C.C. art. 3494, which sets forth those actions subject to a three-year liberative prescriptive period:

> (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, and fees and emoluments of public officials. . . .

Having previously established that retirement benefits are considered a form of deferred compensation for services rendered, under the plain terms of art. 3494, we find plaintiff's claim to remain eligible for certain retirement benefits provided by the City of Slidell fits squarely under the three year period provided therein.

The next step in our analysis necessitates a determination of when the applicable prescriptive period began. La. C.C. art. 3495 sets forth the commencement for the three year prescriptive period prescribed in art. 3494:

> This prescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies, or other services.

We also find comment (b) to article 3495 instructive:

> (b) On principle, liberative prescription commences to run from the day a cause of action arises and its judicial enforcement is possible. See 2 M. Planiol, Traité élémentaire de droit civil 3 Pt. 2, at 358 (Louisiana State Law Institute trans. 1959):
>
> Liberative prescription begins to run as soon as the action accrues, or, as Pothier said "the day on which the creditor could institute his demand." It cannot commence sooner, because the time given for prescription should be a time during which the action can be exercised, and one cannot reproach the creditor for not having acted at a time when he did not have the right to do so. Otherwise, it could

happen that the right would be lost before it could be exercised, which would be as unjust as absurd (Cass.Civ., 11 Dec. 1918, D. 1923.1.96, P. and S. 1921.1.161).

The City asserts plaintiff's claim was prescribed at the time his suit was filed, arguing that plaintiff's right against the City for modification of his retirement benefit was exigible when Ordinance 3493 became effective shortly before plaintiff's retirement in 2008. The City therefore argues plaintiff's suit was prescribed when he filed it in 2013. We decline to adopt the City's argument in this regard and find its reliance on *Ledoux, supra*, misplaced. In *Ledoux*, this court, in finding an airport employee's claim for unpaid compensatory time was not prescribed, stated the employee's claim was subject to the three year prescriptive period set forth in La. C.C. art. 3494. Furthermore, the *Ledoux* court reasoned that the running of prescription on plaintiff's claim did not begin to run until the plaintiff could "act on his claim for payment thereof." *Ledoux, supra*, at 880. The compensatory time payment policy governing plaintiff's employment was changed well before he retired, where the policy prohibited plaintiff from using or being paid for his accrued compensatory time until he retired or was terminated. Therefore, plaintiff could not act on his claim for payment until he retired or was terminated, and the filing of his suit shortly after his retirement was timely.

We find the court of appeal below correctly determined that plaintiff's claim was not exigible until the plaintiff turned sixty-five and the City attempted to remove him from the City plan. Indeed, had plaintiff attempted to enforce his right to remain on the City plan prior to his sixty-fifth birthday, his claim likely would have been dismissed as premature under La. C.C.P. art. 423:

> An obligation implies a right to enforce it which may or may not accrue immediately upon the creation of an obligation. When the obligation allows a term for its performance, the right to enforce it does not accrue until the term has elapsed. If the obligation depends

upon a suspensive condition, the right to enforce it does not accrue until the occurrence of performance of that condition.

When an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature . . . .

Plaintiff's claim demanding coverage after his sixty-fifth birthday, in accordance with his contract with the City to continue providing retirement benefits as originally promised, became exigible upon his sixty-fifth birthday. Thus, his suit filed shortly after he turned sixty-five was timely filed and in no way prescribed. We find this assignment of error to be without merit.

### *The Retirement Plan*

We must now examine whether the court of appeal, in relying upon its previous decision in *Singletary v. City of Slidell*, 11-1538 (La.App. 1 Cir. 6/18/12), 97 So.2d 1087, *writ not considered*, 12-2068 (La. 11/16/12), 102 So.3d 28, correctly determined that the City did not terminate, discontinue, or amend the plan, and therefore, whether its attempt to remove plaintiff from the plan and require him to enroll in a different plan was appropriate.

"A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished, and is formed by the 'consent of the parties established through offer and acceptance.'" La. C.C. art. 1906 and 1927. Article 1927 further provides:

. . . . Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.

Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.

As this court has stated, "when an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is not a mere gratuity or illusory promise but a vested right in the employee to the

promised benefit." *Knecht v. Board of Trustees for State Colleges and Universities and Northwestern State University,* 591 So.2d 690, 685 (La. 12/2/91), citing *T.L. James & Co. v. Montgomery*, 332 So.2d 834 (La.1976).[5] *See also, Singletary, supra.* The City of Slidell offers to its retirees participation in the City's health plan if they meet certain requirements as provided under §21-21(b)(1) of the Code of Ordinances of the City of Slidell. As noted above, those conditions require a city employee to i.) separate from city service after a minimum of ten years of service; ii.) within 18 months after such separation, receive retirement benefits under any retirement plan authorized by the city; iii.) participate in the city's health insurance plan for a minimum of 12 months immediately prior to such separation; and iv.) participate in the city's health insurance plan from the time of separation to the time retirement benefits are received.

In the joint stipulation of facts submitted to the trial court in this matter, the parties stipulated that: i.) plaintiff was employed by the City of Slidell for twenty-four (24) years, and thus, had more than ten years of service with the City; ii.) plaintiff began drawing retirement benefits from the City on August 1, 2008, and hence, within 18 months after his retirement, he received retirement benefits under the retirement plan authorized by the City of Slidell; iii.) plaintiff and his family participated in the City's health insurance plan for more than twelve (12) months immediately prior to plaintiff's retirement on August 1, 2008; and iv.) plaintiff participated in the City's health insurance plan from the time of his retirement on August 1, 2008, to the date he began receiving retirement benefits on August 1,

---

[5] Many other jurisdictions have found similarly: *Hoffman La–Roche v. Hugh Campbell*, 512 So.2d 725 (Ala.1987); *Gesina v. General Electric Corp*., 780 P.2d 1376 (Ariz.Ct.App.1989); *Sterling Drug Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988); *Libby v. Calais Regional Hospital*, 554 A.2d 1181 (Me.1989); *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880, 893 (1980); *Southwest Gas Corp. v. Ahmad*, 99 Nev. 594, 668 P.2d 261 (1983); *Gilman v. County of Cheshire*, 126 N.H. 445, 493 A.2d 485 (1985); *Cantor v. Berkshire Life Insurance Co.,* 171 Ohio St. 405, 171 N.E.2d 518 (1960); *Bellomini v. State Employees' Retirement Board of Pa.*, 498 Pa. 204, 445 A.2d 737 (1982); *Textile Workers Union of America, Local # 513 v. Brookside Mills*, 203 Tenn. 71, 309 S.W.2d 371 (1957); *Ferraro v. Hyatt Corp.,* 124 Wis.2d 154, 368 N.W.2d 666 (1985).

2008. Based upon these stipulated facts, this court finds, in accord with the decisions of the lower courts, that plaintiff met the conditions provided for in §21-21(b)(1) of the Code of Ordinances of the City of Slidell, the provision in effect at the time of plaintiff's retirement. Through his acceptance and compliance with those conditions offered by the City of Slidell, plaintiff and the City entered into a contract, which is not a "mere gratuity or illusory promise" but resulted in plaintiff's vested right to the promised benefit, his participation in the City's health plan as originally chosen. *See, Knecht, supra*, at 695. Through the enactment and retroactive application of City Ordinance 3493, the City of Slidell is inappropriately attempting to move plaintiff from his promised retirement plan to a plan that requires him ("shall apply") to select Medicare Coverage.

Regarding the application of Ordinance 3493 to this plaintiff, a court interprets a municipal or City ordinance using the same guidelines as those used in construing a statute. *Fransen v. City of New Orleans, et al.,* 08-CA-76, 08-CA-0087 (La. 7/1/08), 988 So.2d 225, *reh'g denied*, 8/29/08. In this same vein, to determine whether statutes or laws may be applied retroactively, we are guided by La. C.C. art. 6, which provides:

> In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is legislative expression to the contrary.

> *Segura v. Frank*, 630 So.2d 714, 720-1 (La. 1/14/94).

This court has also explained that La. C.C. art. 6 requires the court to engage in a two-fold inquiry. "First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive." *Cole v. Celotex Corp.,* 599 So.2d 1058, 1063 (La. 1992). This court has further stated many times:

. . . . the principle contained in La. C.C. art. 6 has constitutional implications under the due process and contract clauses of both the United States and Louisiana Constitutions. Thus, even where the legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights.[6]

In this matter, in order to determine whether Ordinance 3493 is substantive, procedural, or interpretive, we are also guided by well-settled principles enunciated by this court:

> Substantive laws establish new rules, rights, and duties or change existing ones. *St. Paul Fire & Marine Ins. Co. v. Smith,* 609 So.2d 809, 817 (La.1992); *Ardoin v. Hartford Acc. & Indem. Co.*, 360 So.2d 1331, 1339 (La.1978). Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. *Graham v. Sequoya Corp.,* 478 So.2d 1223, 1226 (La.1985); *Terrebonne v. South Lafourche Tidal Control Levee Dist.*, 445 So.2d 1221, 1224 (La.1984). Interpretive laws merely establish the meaning the interpreted statute had from the time of its enactment. *St. Paul Fire & Marine*, 609 So.2d at 817; *Ardoin*, 360 So.2d at 1339.

> *Segura, supra,* at 723.

A plain reading of Ordinance 3493 as it applies in this instance reveals that through its enactment, the City of Slidell created a mandate that city retirees who reach the age of sixty-five must apply for Medicare coverage Parts A and B, and will be removed from the City's retirement health plan. This is clearly a substantive law, and as such, a retroactive application of this Ordinance, as the City urges this court to enforce, would substantially impair the contractual obligations secured through plaintiff's retirement with the city prior to the enactment of the Ordinance. La. C.C. art. 6. Stated differently, plaintiff retired on August 1, 2008, with the understanding the City was obligated to provide the retirement benefits under §21-21(b)(1) of the Code of Ordinances of the City, as promised to him at the time of

---

[6] *Segura, supra*, at 721, citing *See St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809, 816 n. 11 (La.1992); *Board of Comm'rs v. Dept. of Natural Resources*, 496 So.2d 281, 291 (La.1986); *Cahn v. Cahn*, 468 So.2d 1176, 1181 (La.1985); *Graham v. Sequoya Corp.*, 478 So.2d 1223, 1226 (La.1985); *Terrebonne v. South Lafourche Tidal Control Levee Dist.,* 445 So.2d 1221, 1224 (La.1984); *Block v. Reliance Ins. Co.*, 433 So.2d 1040, 1044 (La.1983); *Lott v. Haley*, 370 So.2d 521, 523 (La.1979); *Burmaster v. Gravity Drainage Dist. No. 2*, 366 So.2d 1381, 1387 (La.1978).

his retirement. To retroactively apply to plaintiff an Ordinance that substantively changed §21-21(b)(1) three weeks after his retirement is to improperly divest plaintiff of a vested right in the benefit originally promised to him. As a result, we find the court of appeal was correct in its determination that plaintiff is entitled to remain on the City's retirement health plan, and the City therefore cannot remove him from his originally chosen retirement plan.

As also noted by the appellate court below, we are cognizant of the fact that the plan document reserves to the City "the right to terminate, suspend, discontinue, or amend the Plan at any time and for any reason." The plaintiff worked for the City of Slidell for twenty-four (24) years with the understanding that his participation in the retirement plan was a promised benefit he would receive at the end of his lengthy employment with the City. We agree with the appellate court's statement that Ordinance 3493 was not a mere amendment as contemplated by the aforementioned reservation of rights. Its application to plaintiff in this instance completely removes him from the plan originally promised to him through his contract with the City of Slidell for retirement benefits, thereby divesting him of his right to continue participation in the plan.[7]

---

[7] As discussed above, the First Circuit in *Singletary v. City of Slidell,* 2011-CA-1538 (La.App. 1 Citr. 6/8/12), 97 So.3d 1087, *reh'g denied*, 8/15/12; *writ not considered; not timely filed,* 2012-C-2068 (La. 11/16/12), 102 So. 3d 28, examined this exact Ordinance 3493, and its application to the plaintiff in that matter, Alvin Singletary, who retired in September, 2002, on his 60th birthday. In accordance with §21-21, Mr. Singletary elected to continue to participate in the City's health insurance plan. After the City enacted Ordinance 3493 on August 26, 2008, it sent a letter to all retirees in October, 2008, informing them they will be requiring them to move to Medicare coverage. Plaintiff filed a petition for declaratory judgment, seeking judgment that the Ordinance did not apply to him. The court of appeal ultimately found in his favor, finding that the amended ordinance was in violation of the federally recognized right of beneficiaries to freely decide the type of Medicare coverage desired by them, and it represented a material modification of the terms of the parties' agreement, as contained in §21-21. As such, applying Ordinance No. 3492 retroactively impermissibly divests Singletary of his vested right to benefits.

The *Singletary* court did not address the reservation of rights clause in the plan, because, as the City acknowledges in the instant proceedings (and mentioned above), it failed to bring the plan language to the court's attention in *Singletary*.

## CONCLUSION

After twenty-four years of service with the City of Slidell, Mr. Born retired on August 1, 2008, and having met the necessary requirements, he elected to continue his health insurance coverage under §21-21(b)(1) of the Code of Ordinances of the City in accordance with his agreement with the City. Not only do we find plaintiff's suit was not prescribed, we further conclude that Ordinance 3493 cannot be retroactively applied to plaintiff in this instance, as such an application serves to divest the plaintiff of his vested right in the benefits which he was owed under his contract with the City of Slidell.

**AFFIRMED.**

**SUPREME COURT OF LOUISIANA**

**No. 2015-C-0136**

**DEAN BORN**

**VERSUS**

**CITY OF SLIDELL**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL
FIRST CIRCUIT, PARISH OF ST. TAMMANY**

**GUIDRY, J., concurs in part and dissents in part, and assigns reasons.**

While I agree with the majority's finding that plaintiff's suit was not prescribed, I disagree with its conclusion the City of Slidell's reservation of rights in the Plan Document was ineffectual as to plaintiff's claim that he had a vested right to continue indefinitely under the same terms the City Plan had at the time he retired.

The Plan Document at the time plaintiff retired required retired city employees to meet the qualifications "as defined in City Ordinance, Section 21-21." The ordinance was later amended to require retired employees who attain the age of 65 to apply for Medicare Coverage Parts A and B, with the provision the City would provide Medicare Advantage coverage at no cost to the retiree. Because the Plan Document clearly reserves to the City the right "to terminate, suspend, discontinue or amend the Plan at any time and for any reason," I see no impediment to the City's decision to revise the plan's eligibility requirements per the referenced ordinance rather than per amendment of the Plan Document. The Plan Document specifically allows the city to change the Plan as follows: "Changes in the Plan may occur in any or all parts of the Plan, including benefit coverage, deductibles, co-payments, exclusions, limitations, definitions, eligibility

1

and the like." Here, the City's Plan Document, which all parties agree was the contract between them, specifically referenced Ordinance Section 21-21 and permitted the City to change the plan at any time. That the City utilized an amendment to the ordinance governing eligibility referenced in the Plan, rather than amend the Plan Document itself, seems to me to be of no moment. Nothing in the Plan Document precluded the City from amending the ordinance to accomplish the changes it sought to make in the Plan.

Accordingly, I respectfully dissent from the majority's reasoning that amendment of the ordinance providing for eligibility, which ordinance was specifically referenced in the Plan Document and incorporated therein, was not a proper manner for the City to exercise its right to revise eligibility requirements.