| KITTY DUNN, ET AL. | * | NO. 2024-CA-0513 |
| VERSUS | * | COURT OF APPEAL |
| REGIONAL TRANSIT AUTHORITY, ET AL. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**BELSOME, C.J., DISSENTS AND ASSIGNS REASONS.**

I respectfully dissent from the majority and would hold that the claims made by the appellants is a claim for breach of fiduciary duty and is governed by the 10-year prescriptive period of La. C.C. art. 3499 rather than the 3-year prescriptive period of La. C.C. art. 3494.

Our courts have always disfavored prescription and shown a strong preference for preserving claims. "The law requires strict construction of the prescription statutes 'in favor of the claim that is said to be extinguished.'" *Faubourg Saint Charles, LLC v. Faubourg Saint Charles Homeowners Ass'n, Inc.*, 2018-0806, p.5 (La. App. 4 Cir. 2/20/19), 265 So. 3d 1153, 1157.

In *Faubourg*, a condominium developer had advanced sums on behalf of the condominium association because the association had not yet acquired funds sufficient to maintain its commonly owned assets. The association argued that the developer's claim was a suit for money lent that prescribed in three years. The court held that the developer acted as an agent for the association in a manner that formed a personal obligation on the part of the association that was the principal. The court held that the ten-year prescriptive period should be applied in order to maintain the action.

The *Faubourg* court relied on our traditional respect for preserving remedies in order to deliver substantial justice to litigants. Where there was a choice of

1

prescriptive periods under law, the court chose the applicable period that permitted the plaintiff its day in court. In this case, our court is presented a similar choice. We should take the same approach here. The retirees in this case are owed a duty that is much more like a contractual fiduciary duty than an employer-employee relationship. For traditional legal and equitable reasons, that relationship should be governed by the 10-year prescriptive period of article 3499.

### *Definition of compensation*

As a general rule, "[t]he words of a law must be given their generally prevailing meaning." La. C.C. art. 11; La. R.S. 1:3. While article 11 admits of an exception for words of art, there is nothing in La. C.C. art. 3494 that suggests that compensation is a term of art and should be given its ordinary meaning.

The *Oxford Advanced Learner's Dictionary*, provides these contrasting definitions of compensation and pension. Compensation is "money received by an *employee* from an employer as a *salary* or *wages*." A pension, as defined by the same dictionary, is "a regular payment made during a person's *retirement* from an *investment fund* to which that person or their employer has *contributed* during their working life."

Article 3494, contains its own definition that tracks the dictionary definition. It provides that:

> The following actions are subject to a liberative prescription of three years:
>
> (1) An action for the recovery of compensation for services rendered, including payment of *salaries, wages, commissions, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board*[.]

La. C.C. art. 3494. All the forms of compensation enumerated in the article are consistent with an ongoing work-for-money relationship. This is emphasized by the inclusion of living and travel expenses such as freight, passage, lodging, and board. Considering the exhaustive nature of the types of compensation listed in

2

article 3494, it is even more noteworthy that pension payments are not included in this list of exclusions to the general rule of prescription for contracts.

The majority acknowledges that the accepted prescriptive period for contracts is ten years as provided by La. C.C. art. 3499. That article reads, "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." The majority holds that article 3494 "otherwise provides," or makes an exception, to the general rule of prescription for contracts in claims for compensation. I would hold that pension payments and retirement benefits are not "compensation" as that word is used in article 3494 or in ordinary usage. Therefore, the payments at issue here do not fit within the exception on which the majority relies.

Article 3494 must be read in *pari materia* with article 3499 because it constitutes an exception to the general rule regarding personal obligations. The article lists the types of payments that are covered by the three-year period. They are specific and they are in accord with standard definitions of compensation provided in dictionaries.

### *Nature of the obligation*

As shown above, both the statutory and the dictionary definition strongly imply relatively simultaneous performance of work in exchange for pay. Payments of pension benefits are markedly different. "Compensation" as used in the code article and the dictionary definition involves bilateral obligations (work for money). In the context of pension obligations, the retiree has already satisfied all obligations owed to the employer by working the required time period. In addition to the retiree's work, the employer typically deducts a portion of the employee's own earnings to contribute to the pension fund. The obligation to pay a pension is unilateral in nature. The employer has assumed the obligation of *investing* the employees' funds generated by work and wages (the forms of compensation

3

enumerated in La. C.C. art. 3494). The former employer has a fiduciary duty to the retiree to pay the obligations undertaken by it. The retiree owes nothing to the former employer and stands in the same legal position as a beneficiary to a trust.

It is well settled that a fiduciary obligation is personal in nature and is governed by the 10-year prescriptive period of La. C.C. art. 3499. In *Trust for Melba Margaret Schwegmann v. Schwegmann Family Trust*, 09-968 (La. App. 5 Cir. 9/14/10), 51 So. 3d 737. The plaintiff/beneficiary alleged that the trustee had converted funds for his own use. The defendant filed an exception of prescription arguing that the tort of conversion was subject to a one-year prescriptive period and had prescribed. The court wrote:

> After a review of the allegations and prayer in plaintiffs original and amended petition, we do not agree with the trial court that the true nature of plaintiffs' action is conversion alone. Although plaintiffs have asserted that John F. Schwegmann wrongfully converted funds of the Margie Trust as a basis for this declaratory action, we cannot ignore the fact that this declaratory action seeks remedies beyond a claim against John F. Schwegmann individually for any acts of conversion.
>
> La. C.C. art. 3499 provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." Based on the claims made by plaintiffs in the original and amended petition, including the claims for unjust enrichment or revendication, we find this ten year prescriptive period is applicable, the petition was timely filed, and the trial court incorrectly granted the exception of prescription.

*Trust for Melba Margaret Schwegmann v. Schwegmann Family Trust*, 09-968, p.9 (La. App. 5 Cir. 9/14/10), 51 So. 3d 737, 743.


In federal court, the appellants have already argued, successfully, that the pension fund that is the subject of this suit is public in nature. Therefore, the RTA pension fund falls within La. Const. art. X, §29, which declares that public pension plans are a form of contract between the public body and the retiree:

> **(B) Other Officials and Employees.** The legislature shall enact laws providing for retirement of officials and employees of the state, its agencies, and its *political subdivisions*, including persons employed jointly by state and federal agencies other than those in military

service, through the establishment of one or more retirement systems. Membership in any retirement system of the state or of a political subdivision thereof shall be a *contractual relationship* between employee and employer, and the state shall guarantee benefits payable to a member of a state retirement system or retiree or to his lawful beneficiary upon his death.

La. Const. Ann. art. X, § 29

The majority cites *Born v. City of Slidell*, 2015-0136 (La. 10/14/15), 180 So. 3d 1227 as binding authority on the issue of prescription. A careful reading of *Born* shows that the court did not analyze or discuss the possibility of the application of a 10-year prescriptive period. In fact, the issue in *Born* was not the applicable prescriptive period but the date on which the prescription began to toll. The choice in that case was the date on which the City of Slidell announced the change in its retirement plan or the date on which the plaintiff became eligible to retire. The court chose the latter date, which fell within the three-year period argued by the city and was not contested by the retiree in that case. Because article 3499 was not implicated or invoked, it was not discussed. As a result, the majority opinion is founded on *dicta*, not binding precedent. *Born* does, however, shed light on the nature of the obligation owed by the city:

> Through his acceptance and compliance with those conditions offered by the City of Slidell, *plaintiff and the City entered into a contract*, which is *not a "mere gratuity or illusory promise"* but resulted in plaintiff's vested right to the promised benefit, his participation in the City's health plan as originally chosen. See, Knecht, supra, at 695. Through the enactment and retroactive application of City Ordinance 3493, the City of Slidell is inappropriately attempting to move plaintiff from his promised retirement plan to a plan that requires him ("shall apply") to select Medicare Coverage.

*Born v. City of Slidell*, 2015-0136, p.13 (La. 10/14/15), 180 So. 3d 1227, 1235. (emphasis added)

The lesson that should be drawn from *Born* is that the employer's duty to pay pension benefits includes the obligation to pay for insurance as promised. The insurance benefit is a vested right according to *Born*.

5

***Continuing obligation***

In addition to, or in the alternative to the discussion above, our court has already held that errors in pension payments may be corrected prospectively long after the expiration of the three or ten-year prescriptive periods. In *New Orleans Fire Fighters Pension & Relief Fund v. City of New Orleans*, 2017-0320 (La. App. 4 Cir. 3/21/18), 242 So. 3d 682, the defendant ("City") had made an error in the method of calculating payments due to retired firefighters. The error inured to the benefit of the retired firefighters and was uncontested for more than ten years before the City raised the issue in a reconventional demand. The retirees argued that the City was precluded from changing the erroneous practice by the three-year prescription of La. C.C. art. 3494. Our court held that the City could correct its error prospectively,[1] notwithstanding the prescriptive period. The court wrote:

> NOFF asserts the City's claims have prescribed.[18] Specifically, NOFF argues that the City's reconventional demand was filed on September 17, 2015, and, pursuant to La. C.C. 3494, the Fund should not be required to recalculate the benefits of anyone "who retired more than three years before the date of the filing of the reconventional demand, or September 17, 2012."[19]

> The district court, although not specifically addressing the three-year prescriptive period, indicated prescription was not a viable issue.[20] We agree. The City seeks *prospective* application of La. R.S. 11:3384(B)(1) and is not seeking to be reimbursed for any amounts erroneously paid to the retirees over the years; the City agreed to waive its right for reimbursement under La. R.S. 11:192 in the settlement agreement.[21]

> This assignment of error regarding prescription is without merit

2017-0320 at p.26, 242 So. 3d at 700–01

By applying the same principles to the retirees as we did in *New Orleans Firefighters*, we should reach two conclusions: (1) the retirees' forbearance in delaying litigation does not deprive them of all rights, regardless of the length of the delay; and (2) each payment due is a separate obligation so that prospective correction is always allowed. This holding would allow all 183 retirees to regain

---

[1] The City had voluntarily waived its right, if any, to recoup any past overpayments.

the benefits going forward even if the ten-year prescriptive period is not applied. It would also restore balance between the manner in which the law is applied to the retirees and employers under the law.

### *Conclusion*

It is settled law that retirement plans, including insurance benefits, are vested contractual rights. These rights should be governed by a 10-year contractual prescription. Even if they fall within the "compensation exception" of La. C.C. art. 3494, the retirees are entitled to prospective relief at a minimum.

People choose occupations and build careers with long range goals of supporting themselves and their families. Included in those choices is how they will support themselves in their retirement. They rely on promises made by their employers and invest their work, earnings, and in a real sense, they invest their life energy in a promise that they should be able to trust. Once a person has reached the age of retirement, they are not in a position to change those decisions—they cannot take a second job or seek employment with a more reliable employer in this economy. Their work life is finished and they are entitled to enjoy the fruits of their labors. The employers here have chiseled away at this life-changing promise and the workers have tolerated it, perhaps because they remain loyal to their employer. Regardless of the reason, the employers have been the beneficiary of their forbearance. Now, RTA seeks to use the patience and loyalty of their former employees as a cudgel against them. That may be an even worse transgression and breach of contract than the original non-payment of benefits.

Therefore, I dissent.